UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| LINDA BERNING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 1:06cv87 |
| | ) | 1:06cv170 |
| UAW LOCAL 2209, UAW | ) | |
| INTERNATIONAL UNION and | ) | |
| GENERAL MOTORS CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

This matter is before the court on two motions[1] for extension of time to appeal, filed by the plaintiff, Linda Berning ("Berning"), on January 14, 2008. Berning is proceeding pro se. The Union Defendants objected to the motion in Civil No. 1:06cv87 on January 15, 2008.

Discussion

Berning requests an extension of time to appeal the decisions in this court granting summary judgment in favor of the defendants. Berning states that she has filed a notice of appeal with the Indiana Court of Appeals regarding her Workers Compensation case. Berning claims that "information, testimony and Final Judgment from the work comp case is vital in this Federal case". Berning requests that "my appeal in this Federal case be due 30 days after the work comp case is settled."

In objection to Berning's request, the Union Defendants first note that this is Berning's third request for extension of time to file her notice of appeal. The Union Defendants further

---

[1] Berning filed a motion in each of her cases, 1:06cv87 and 1:06cv170. Although these cases are not consolidated, the court will discuss the two motions together in this order because the same law applies to both cases.

point out that Rule 4(a)(5)(C) of the Federal Rules of Appellate Procedure (FRAP) provides that "No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time." The "prescribed time" referred to is the 30 days after entry of judgment set forth in FRAP Rule 4(a)(1). The Union Defendants point out that Berning has already been granted two extensions totaling 45 days, and now requests an indeterminate extension of time. The Union Defendants correctly argue that successive extensions of time are not permitted. In re: GAC Corp., 640 F.2d 7 (5th Cir. 1981).

The Union Defendants further argue that FRAP Rule 4(a)(5)(A)(ii) requires that any extension of time for filing a notice of appeal be for "good cause", and that Berning has not set forth good cause for an extension. The Union Defendants correctly note that Berning may not submit additional evidence on appeal, and thus the information, testimony and judgment in her workers compensation case are not material to her appeal since this evidence would not be reviewed by the Seventh Circuit Court of Appeals anyway.

Accordingly, as FRAP 4(a)(5)(C) does not permit successive extensions of time to file an appeal, and Berning has not provided good cause for such an extension even if it were permitted, the court will deny Berning's request.

<u>Conclusion</u>

Based on the foregoing, Berning's motions for extension of time to appeal are both hereby DENIED.

Entered: January 22, 2008.

<u>s/ William C.  Lee</u>  
William C. Lee, Judge  
United States District Court